## WINKLER v. MASSENGILL.

Opinion delivered January 28, 1899.

UNLAWFUL DETAINER—PLEADING.—A complaint which alleges that defendant surreptitiously, and by collusion with plaintiffs' tenant, entered upon and took possession of plaintiffs' land, and forcibly holds same, although plaintiffs have made demand in writing for possession, states a good cause of action in unlawful detainer, under Sand. & H. Dig. ? 3444, providing that every person who shall peaceably and unlawfully obtain possession of any lands, "and shall hold the same wilfully and unlawfully after demand made in writing for the delivery or surrender thereof, * * * shall be deemed guilty of an unlawful detainer." (Page 147.)

Appeal from Arkansas Circuit Court.

JAMES S. THOMAS, Judge.

### STATEMENT BY THE COURT.

This is a suit for the immediate possession of an 80-acre tract of land in Arkansas county, by the appellants against the appellee. Demurrer to the complaint sustained, and, plaintiffs

declining to plead over, judgment for defendant, and plaintiff appealed.

Omitting the merely formal parts, the complaint is as folfows, to-wit:

"That, [at] the time hereinafter mentioned, the plaintiffs were in the peaceable and actual possession of the north half of the northwest quarter of section five, township four south, range six west, and the dwelling house and buildings thereon situate. Said premises are in Arkansas county, state of Arkansas. Said plaintiffs have been in possession of the premises above described from 1893 to 1896 inclusive; have maintained a substantial fence around same, and kept the buildings in good repair, and kept a tenant thereon, during all the time above mentioned. Said plaintiffs' grantees have been in possession of said land since 1889. On January 1, 1896, plaintiffs leased said premises to one Louis Boggy for the term of one year, or to January 1, 1897, and said Boggy entered thereon. Said lease is in the form of a rent note, and, when said note was paid, it was turned over to said Boggy. So said note, or a copy thereof, cannot be exhibited with this complaint. That on the 28th day of December, 1898, and before said Boggy's lease had expired, the defendant surreptitiously and by collusion with Boggy, the said tenant, entered on the premises, and took possession thereof, contrary to the form of the statute. Said defendant says that he holds under lease from F. M. Quertemous, who purports to be the agent of Mary Boggy, a minor sister of Louis Boggy, the tenant above mentioned, and who lived with Louis Boggy upon said premises, and as one of his family. Said defendant forcibly and unlawfully holds and keeps possession of said land and tenements, and has so held and kept possession of the same at all times since the 28th day of December, 1896, although possession has been demanded and the same has been refused. Notice to quit was also served on defendant. A copy of said notice is herewith filed, marked 'Exhibit B,' and made part hereof. Plaintiffs state that they are lawfully entitled to the possession of said land above described; that, in consequence of said acts, the plaintiffs have been deprived of the rents and profits of said lands, to their damage in the sum of $50, having leased said premises to

Henry Dunlop, for the year 1897, for said sum. Therefore plaintiffs pray judgment for the possession of said premises, for $50 damages, and for all their costs in this action expended."

Upon the filing of the complaint and the proper bond, the writ of possession was issued, and in due time the defendant filed his bond to retain possession. To the complaint the defendant interposed a general demurrer at first, but then withdrew the same to file certain preliminary motions, which having been disposed of, his demurrer was renewed, and on argument and consideration it was sustained, and plaintiffs rested, and judgment was rendered for defendant, and plaintiffs appealed.

*H. H. & J. R. Parker*, for appellant,

The complaint was sufficient if it stated that either the entry or detainer was forcible. 27 Cal. 375; *ib.* 502; 2 N. H. 550; 4 Bibb, 501; 6 J. J. Marsh, 464; 40 Ark. 192; 41 Ark. 535; 8 Am. & Eng. Enc. Law, 109, 110; 2 Treadw. (S. C.) 489; 45 Cal. 597.

BUNN, C. J., (after stating the facts.)   The question in this case is whether or not the complaint makes out a case of forcible entry and detainer, or of unlawful detainer, under the statute; and if either, which one, since, for the purposes of the demurrer, the statements of the complaint are to be taken as admittedly true.

Without stopping to consider whether or not the case presented would be one of forcible entry and detainer were it made to appear that the entry of the defendant was entirely disconnected from any act of Louis Boggy, the tenant of the plaintiff, and rested solely on his contract with Mary Boggy, a third party, we will consider the holding of the defendant to be under Louis Boggy, plaintiffs' tenant, since it is alleged that, by collusion with said tenant, he entered into and holds, etc. Viewing it in this light, the complaint makes out a clear case of unlawful detainer, since it must be admitted that the tenant, Boggy, had lawful right to admit the defendant in as his sub-tenant, to hold until his lease should expire; and for that reason the entry of the defendant was lawful and peaceable.

The third section of the 70th chapter of Sand. & H. Dig.,

styled "Forcible Entry and Detainer," reads as follows, to-wit: "Sec. 3444.    Every person who shall willfully and without right hold over any lands, tenements or possession after the determination of the time for which they were demised, or let to him or the person under whom he claims, or who shall peace-ably and lawfully obtain possession of any such and shall hold the same willfully and unlawfully after demand made in writing for the delivery or surrender thereof by the person having the right to such possessions," etc.

The demand was properly made, according to the state-ment of the complaint; and while it may be technically said that the defendant did not claim under the tenant, Boggy, yet he entered by his permission, and his obtaining of possession was peaceable and lawful, and his refusal to surrender after proper demand made brings the case squarely within the con-ditions of unlawful detainer, as defined in the section quoted. The complaint therefore stated a good cause of action, and the demurrer should have been overruled.

For the error in sustaining the demurrer to the complaint, the judgment is reversed, and cause remanded, with directions to overrule the demurrer, and proceed.